# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JABARI BRYANT,<br><br>Defendant. | Case No. 18-cr-00036-WHO-1 (JSC)<br><br>**ORDER OF DETENTION** |

On March 25, 2020, this Court held a bond hearing pursuant to Defendant Jabari Bryant's renewed motion for release. Prior to the hearing, U.S. Pretrial Services ("Pretrial") prepared a memorandum regarding a potential surety and third-party custodian proposed by the defense. Pretrial determined the surety was not viable and recommended detention. During the hearing, both parties presented proffers as summarized herein. For the reasons stated below, the Court denied Bryant's motion and ordered him detained pending sentencing, which is currently scheduled for June 25, 2020.

Elizabeth Falk, counsel for Defendant, argued that Bryant should be released to the custody of his girlfriend who was present in Court. Bryant's girlfriend was also willing to co-sign an unsecured bond on the defendant's behalf. Falk described the progress Bryant made during a recent period of custody in San Francisco County. During that time, Bryant worked with a counselor at the S.F. County Jail, Ms. Sizemore, who spoke at the hearing. Ms. Sizemore explained that she works with incarcerated individuals during and after their custodial sentences in order to help them avoid future criminal conduct. She expressed her belief that Bryant is a good candidate for release and had illustrated through their work together that he can wants to move forward and live a law-abiding life.

The government opposed release and noted that the proposal under consideration was similar to Bryant's prior conditions of release – conditions under which he committed new crimes. The government recounted that Bryant pled guilty to two counts of being a felon in possession in December 2018. In February 2019, Bryant was arrested in San Francisco in relation to auto burglaries. A bond hearing was calendared by the Court, but by the date of the hearing, Bryant had been re-arrested for a separate theft. At some point thereafter, Bryant pled guilty to state charges and served a custodial sentence. At the end of that custodial term, Bryant was brought back into federal custody. In addition to the new crimes committed pre-sentencing, the government noted that the underlying offense conduct, to which Bryant has now pled guilty, involved the illegal possession of two firearms and flight from police officers.

This Order supplements the Court's findings at the bond hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Because this case is post-plea, the burden falls on the defendant to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. 18 U.S.C. § 3143(a). Based on the procedural record in this case, Bryant cannot satisfy this burden. The Court gives significant consideration to Bryant's commission of multiple new crimes while on release after pleading guilty to the federal charges. Further, he was convicted on those new

charges. The Court previously afforded the defendant numerous opportunities to demonstrate that he can comply with conditions. Given Bryant's failure to comply with conditions, as evidenced by the new criminal activity, the Court finds that there is no condition or combination of conditions of release that can ensure the safety of the community. Accordingly, pursuant to 18 U.S.C. §§ 3142(i), 3134(a), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an

authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: April 1, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge